UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| TONYA TUSA and PETER TUSA, | ) ) ) ) ) ) ) ) ) ) ) ) | No. 6:22-CV-118-REW-HAI |
| Plaintiffs, | | |
| v. | | |
| KENNY SCHOMP, | | ORDER |
| Defendant. | | |

\*\*\* \*\*\* \*\*\* \*\*\*

On referral from District Judge Wier, the undersigned recommends that Plaintiffs' motion to remand this matter to state court (D.E. 5) be **GRANTED**.

On June 10, 2022, Defendant Kenny Schomp removed this case from the Pulaski Circuit Court. D.E. 1. Defendant stated that federal question jurisdiction exists because, "[o]n its face, Plaintiffs' Complaint raises a federal question by asserting a cause of action arising under alleged violations of 33 C.F.R. §§ 83.05-83.06." *Id*. at 3[1]. The matter was referred to the undersigned for pretrial management. D.E. 3. On June 24, Plaintiffs Tonya and Peter Tusa moved to remand this matter to state court. D.E. 5. Defendant responded (D.E. 6) and Plaintiffs replied (D.E. 8).

**I. Background**

Plaintiffs allege that, on or about September 10, 2021, they were traveling on Lake Cumberland in Kentucky as passengers in a 2021 Mystic Powerboat, which was owned and being operated by Defendant. D.E. 1-1 at 2. Plaintiffs further allege that Defendant operated the boat at an unsafe and reckless speed and failed to keep a proper lookout. *Id.* While Defendant

---

[1] Page number references are to the page numbers generated by ECF.

was racing another vessel, the boat collided with a large wave, the kill switch was not being utilized, and the vessel nearly capsized. *Id.* at 2-3. As a result, all but one of the passengers were ejected. Plaintiff Tonya Tusa was knocked unconscious and Plaintiff Peter Tusa's right foot and leg were lacerated by the boat's propellors. *Id.* at 3. Plaintiffs' Complaint alleges three causes of action—Count 1 for negligence, Count 2 for gross negligence, and Count 3 for punitive damages. *Id.* at 4-6. Count 1 alleges that Defendant breached his duties under 33 C.F.R.§§ 83.05 and 83.06 and K.R.S. § 235.240(1). *Id.* at 4. Count 1 also indicates that "[b]ecause both common law and statutory duties are implicated, this Count stands for both common law negligence as defined by the case law of this state, and negligence *per se* for said statutory violations." *Id.*

## II. Legal Standards: Federal Question Jurisdiction

"To remove a case to federal court, the defendant must be prepared *at the moment of removal* to demonstrate by a preponderance of the evidence that federal jurisdiction exists." *May v. Wal-Mart Stores, Inc.*, 751 F. Supp. 2d 946, 947 (E.D. Ky. 2010); *see also Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). Additionally, a federal court must strictly construe removal petitions, resolving all doubts against removal. *See Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989); *Fenger v. Idexx Labs., Inc.*, 194 F. Supp. 2d 601, 602 (E.D. Ky 2002). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). Thus, "federal courts ignore any potential federal defenses that may arise in the course

of the litigation." *Miller v. Bruenger*, 949 F.3d 986, 991 (6th Cir. 2020) (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)).  "A claim arises under federal law, for purposes of federal-question jurisdiction, when the cause of action is (1) created by federal statute or (2) presents a substantial question of federal law."  *Miller,* 949 F.3d at 991 (citing *Estate of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008, 1012-14 (6th Cir. 2018).  A federal statute can create a cause of action either expressly or as a direct implication.  *Id.*  As to whether a substantial question of federal law exists, the underlying cause of action must (1) "necessarily raise a stated federal issue," (2) that is "actually disputed and substantial," (3) "which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

### III. Discussion

Defendant's response indicates that "Plaintiffs argue that the alleged violations of federal regulations are merely components of a state law common negligence claim" but the regulations "*are not actionable* under Kentucky state law."  D.E. 6 at 2.  Thus, Defendant concludes that the claims either arise under federal law or should be dismissed.  *Id.*  Defendant fails to clearly and adequately address how Plaintiffs' claims are sufficient to establish federal question jurisdiction.  Citing two cases, Defendant contends that, "[w]hen liability turns on the applicability, interpretation, and application of federal law, the Federal Court's [sic] have and routinely exercise jurisdiction … to adjudicate the matter." *Id.*  First, Defendant cites to *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006).  D.E. 6 at 2-3.  In *Moon*, the Sixth Circuit affirmed the district court's decision granting the defendant's motion to dismiss the plaintiff's RICO claim.  The Sixth Circuit also held that the district court should not have exercised pendent

3

jurisdiction over the remaining IIED claim. *Moon*, 465 F.3d at 728. Defendant does not explain how *Moon* supports his position.

Second, Defendant cites to *Back v. Century Mortg. Co.*, No. 1:14-CV-00173-GNS-HBB, 2015 WL 1931444 (W.D. Ky. April 28, 2015). D.E. 6 at 2-3. Somewhat similar to *Moon*, *Back* involved a motion to dismiss claims under the Fair Labor Standards Act and Kentucky Wages and Hours Act. While the court in *Back* stated that "certain provisions of the Code of Federal Regulations, such as 29 C.F.R. § 541.200, are subject to great deference[,]" it did so in the context of discussing the different weight given to the federal regulation versus a Department of Labor administrator's interpretation. *Back*, 2015 WL 1931444, at *3. *Back* did not involve the propriety of removal based on federal question jurisdiction and does not support Defendant's position.

Next, although Defendant states that the federal regulations "*are not actionable* under Kentucky law[,]" he fails to explain why or how Plaintiffs' common law negligence claim establishes federal question jurisdiction. D.E. 6 at 2. On the contrary, a plaintiff may reference federal statutes and regulations "simply to establish the relevant standard of care and to allege the defendant[] breached that duty of care." *Shawver v. Bradford Square Nursing, LLC*, Civil Action No. 3:08-13-DCR, 2008 WL 2355803, at *5 (E.D. Ky. June 5, 2008). However, this alone does not give rise to federal jurisdiction. *Id.* ("While the Plaintiff has referenced federal Medicare and Medicaid statutes and regulations, he has done so simply to establish the relevant standard of care and to allege that the defendants breached that duty of care."). Defendant does not address this limited role that the regulations play in Plaintiffs' claims.

Defendant also argues that, based upon the language of 33 C.F.R. § 83.01(a), the cited federal regulations preempt any similar state law or regulations. D.E. 6 at 2. However, section

4

83.01(a) was amended in September 2022 to remove the preemption language. The reported purpose of the change is:

> to remove an incorrect statement about field preemption of State or local regulations regarding inland navigation. The incorrect language was added in 2014 rulemaking, and the error was recently discovered. By removing the language this rule clarifies the ability of States to regulate inland navigation as they have historically done.

State Enforcement of Inland Navigation Rules, 87 Fed. Reg. 54385 (Sept. 6, 2022) (to be codified at 33 C.F.R. pt. 83). Thus, the regulations do not preempt state law. In any event, "a case may *not* be removed to federal court on the basis of . . . the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Thus, this argument also fails to establish federal jurisdiction.

Finally, Defendant argues that, because Kentucky's negligence *per se* statute does not extend to federal regulations, any claims alleging as much should be dismissed or are otherwise independent federal claims. D.E. 6 at 3. It is true that Kentucky's negligence *per* se statute does not extend to federal regulations. *Alderman v. Bradley*, 957 S.W.2d 264, 266 (Ky. Ct. App. 1997) ("We agree that [Ky. Rev. Stat. § 446.070's] reach is limited to violations of Kentucky statutes and does not extend to federal regulations."). But that limitation does not automatically convert the claim to a sufficient federal issue to support jurisdiction. Additionally, Defendant fails to provide any argument or support that 33 C.F.R. §§ 83.05 and 83.06 create private federal causes of action. Thus, Defendant's argument that any negligence *per se* claim based on the cited federal regulations should be dismissed only undermines his position that federal question jurisdiction exists. All doubts must be resolved against removal. *See Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989); *Fenger v. Idexx Labs., Inc.*, 194 F. Supp. 2d

5

601, 602 (E.D. Ky 2002). Defendant alone bears the burden of establishing that this Court has federal question jurisdiction, and he has failed to do so. Accordingly, remand is appropriate.

### IV. Conclusion

For the above reasons, the Court **RECOMMENDS** that Plaintiffs' motion (D.E. 5) be **GRANTED** and this matter be remanded back to state court for lack of jurisdiction.

Any objection to this recommendation must be asserted in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 3rd day of November, 2022.



Signed By:
Hanly A. Ingram
United States Magistrate Judge