UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

TONYA TUSA & PETER TUSA,           )
                                    )
    Plaintiffs,                     )
                                    )       No. 6:22-CV-118-REW-HAI
v.                                  )
                                    )       ORDER REMANDING
KENNY SCHOMP,                       )
                                    )
    Defendant.                      )

\*\*\* \*\*\* \*\*\* \*\*\*

This matter arises from a 2021 boating accident. *See* DE 1-1 (Complaint). Plaintiff Tonya Tusa and Plaintiff Peter Tusa allegedly sustained injuries while passengers on a 2021 Mystic Powerboat, owned and operated by Defendant Kenny Schomp. *See id.* at 1-3. Accordingly, Plaintiffs filed suit in Pulaski Circuit Court, claiming negligence, gross negligence, and punitive damages. *See id.* at 4.

On June 10, 2022, Defendant Kenny Schomp removed the case to this Court, alleging federal question jurisdiction, 28 U.S.C. § 1331.[1] *See* DE 1 (Notice of Removal). On June 24, 2022, Plaintiffs filed a motion to remand. *See* DE 5 (Motion). Schomp responded, *see* DE 6 (Response), and Plaintiffs replied, *see* DE 8 (Reply). On referral, United States Magistrate Judge Hanly A. Ingram recommended that the Court grant Plaintiffs' motion and remand the matter back to state court based on lack of jurisdiction. *See* DE 17 at 6 (Recommended Disposition). Judge Ingram expressly informed the parties of their right to object to the recommendation and secure *de*

---

[1] Per 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

1

*novo* review from this Court. *See id.* The established, fourteen-day objection period has passed, and neither party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made"). "The law in this Circuit is clear" that a party who fails to object to a magistrate judge's recommendation forfeits the right to appeal its adoption. *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *see also United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017) ("When a party . . . fails to lodge a specific objection to a particular aspect of a magistrate judge's report and recommendation, we consider that issue forfeited on appeal.").

The Court has considered the recommended disposition, as well as the entire record and relevant authority, and agrees with Judge Ingram. Judge Ingram, recognizing the proper federal question analysis under *Grable & Sons*, concluded that Schomp failed to satisfy his burden of establishing that this Court has federal question jurisdiction. *See* DE 17 at 3-4. Specifically, Judge Ingram determined that, although Plaintiffs reference federal regulations with respect to the applicable standard of care, this alone does not establish federal question jurisdiction. *See id.* at 4. The defense failed the exacting navigation of the substantial federal question test. Further, Judge Ingram found that "Defendant's argument that any negligence *per se* claim based on the cited federal regulations should be dismissed only undermines his position that federal question jurisdiction exists." *Id.* at 5. Giving removal jurisdiction its properly limited scope and narrow

construction, the Court agrees with Judge Ingram's fulsome analysis. There is no federal question, substantial or otherwise, under the required rubric.

In sum, Judge Ingram's conclusions, drawing no objection from Schomp and being independently correct, warrant full adoption. Accordingly, the Court **ORDERS** as follows:

1. The Court **ADOPTS** Judge Ingram's Recommendation (DE 17);
2. The Court **REMANDS** this matter to state court; and
3. The Court **STRIKES** the matter from its active docket.

This the 30th day of January, 2023.

Signed By:
Robert E. Wier
United States District Judge